| 2010-23112 / Court: 011 |
|---|

Filed 10 April 13 A9:19
Loren Jackson - District Clerk
Harris County
ED101J015740762
By: Nelson  Cuero

CAUSE NO. _____

| | | |
|---|---|---|
| FLORITA C. WELSH | § | IN THE DISTRICT COURT |
| and RACHEL A. RAY | § | |
|      Plaintiffs | § | |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL COURT |
| | § | |
| NATIONWIDE INSURANCE | § | |
| COMPANY | § | |
|      Defendant | § | HARRIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION WITH DISCOVERY ATTACHED

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes Florita C. Welsh and Rachel A. Ray, hereinafter referred to as "Plaintiffs", complaining of Defendant, Nationwide Insurance Company, hereinafter collectively referred to as "Nationwide" or "Defendant," and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, Florita C. Welsh, is an individual and resident of Texas.

Plaintiff, Rachel A. Ray, is an individual and resident of Texas.

Certified Document Number: 45029420 - Page 1 of 14

Defendant, Nationwide Insurance Company, is on information and belief a domestic insurance company licensed to conduct insurance business in Texas. It can be served with citation by serving its Registered Agent, CT Corporation System, at 350 N. Saint Paul Street, Dallas, Texas 75201-4240, or wherever else he may be found.

### III. JURISDICTION AND VENUE

This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Harris County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Harris County, Texas. *See* TEX. INS. CODE § 2210.552 (see below).

### IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

A.   Plaintiffs are the owners of insurance Policy Number 78H0510-062 issued by the Defendant (hereinafter referred to as the "Policy").

B.   Plaintiffs own the insured property which is specifically located at 1639 Gardenia, Houston, Texas 77018 (hereinafter referred to as the "Property").

C.   Defendant or its agent sold the Policy, insuring the Property, to Plaintiffs.

D.   On or about September 13, 2008, Hurricane Ike struck Galveston County and the surrounding gulf coast region of Texas causing severe damage to homes and businesses throughout the area, including Plaintiffs' residential Property.

Certified Document Number: 45029420 - Page 2 of 14

E.      Plaintiffs submitted a claim to Defendant against the Policy for garage damage, water damage, and mold damage the Property sustained as a result of Hurricane Ike. Plaintiffs asked that Defendant cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F.      Defendant has assigned claim number 7842510062H00809130 to Plaintiffs' claim.

G.      Defendant hired and/or assigned an adjuster to adjust the claim.

H.      Defendant's adjuster and Defendant failed to properly adjust the claims and Defendant has denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

I.      Plaintiffs' claim(s) still remain unpaid and the Plaintiffs still have not been able to properly repair the Property.

J.      Defendant failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for  proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

K.      Defendant misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE Section 541.060(a)(1).

L.      Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy.  Defendant's conduct

Certified Document Number: 45029420 - Page 3 of 14

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

M.      Defendant failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. TEX. INS. CODE Section 541.060(a)(3).

N.      Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

O.      Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

P.      Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the

Certified Document Number: 45029420 - Page 4 of 14

statutorily mandated deadline.  Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

Q.      Defendant failed to accept or deny Plaintiffs' full and entire claim within the statutory mandated deadline of receiving all necessary information.  Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE Section 542.056.

R.      Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim.  Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

S.      From and after the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

T.      As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the profession services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

U.      Plaintiffs' experience is not an isolated case.  The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of

Certified Document Number: 45029420 - Page 5 of 14

claims.  Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

Plaintiffs realleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiffs purchased, Defendant has the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from Hurricane Ike. As a result of Hurricane Ike and/or ensuing losses from Hurricane Ike, both of which are covered perils under the Policy, Plaintiffs' home and personal Property have been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiffs.  As a result of this breach of contract, Plaintiffs have suffered the damages that are described in this petition.

### B. Cause of Action for Violation of Section 542

Plaintiffs realleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendant's acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code.  Within the timeframe required after the receipt of either actual or written notice of Plaintiffs' claim, Defendant did not

Certified Document Number: 45029420 - Page 6 of 14

request from Plaintiffs any items, statements, and forms that it reasonably believed at that time would be required from Plaintiffs for their claim.  As a result, Defendant has violated Section 542 by failing to accept or reject Plaintiffs' claim in writing within the statutory timeframe.  Defendant also violated Section 542 by failing to pay Plaintiffs' claim within the applicable statutory period.  In addition, in the event it is determined that Defendant owes Plaintiffs any additional monies on Plaintiffs' claim, then Defendant has automatically violated Section 542 in this case.

**C. DTPA Cause of Action**

Plaintiffs realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporates all the allegations in this petition for this cause of action against Defendant under the provisions of the DTPA.  Plaintiffs are consumers of goods and services provided by Defendant pursuant to the DTPA.  Plaintiffs have met all conditions precedent to bringing this cause of action against Defendant.  Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46 (b)(2), (5), (7), (9), (12) and (24) of the DTPA.  In this respect, Defendant's violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, (2) its failure to give Plaintiffs the benefit of the doubt, and (3) its failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear.

As described in this petition, Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services had characteristics or benefits

that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendant advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

A. As described in this petition, Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) of the DTPA;

B. As described in this petition, Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed, which gives Plaintiffs the right to recover under Section 17.46 (b)(24) of the DTPA;

C. Defendant has breached an express warranty that the damage caused by Hurricane Ike would be covered under the insurance policies. This breach

Certified Document Number: 45029420 - Page 8 of 14

entitles Plaintiffs to recover under Sections 17.46 (b)(12) and (19) and 17.50 (a)(2) of the DTPA;

C.      Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.   Defendant's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

D.      Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this petition.   All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices**

Plaintiffs realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporates all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code.   Plaintiffs have satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code.   Such violations include, without limitation, all the conduct described in this petition plus Defendant's

Certified Document Number: 45029420 - Page 9 of 14

unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim and Defendant's failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear.  They further include Defendant's failure to give Plaintiffs the benefit of the doubt.  Specifically, Defendant is guilty of the following unfair insurance practices:

A.  Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.  Engaging in unfair claims settlement practices;

C.  Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

D.  Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has became reasonably;

E.  Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

F.  Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and

G.  Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing.  Defendant's conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

Certified Document Number: 45029420 - Page 10 of 14

### E.  Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiffs realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporates all the allegations of the preceding paragraphs for this cause of action.  By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.  Defendant has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiffs' damages.

### VII.  WAIVER AND ESTOPPEL

Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

### VIII.  DAMAGES

The above described acts, omissions, failures and conduct of Defendant has caused Plaintiffs' damages which include, without limitation, the cost to properly repair Plaintiffs' home and any investigative and engineering fees incurred in the claim. Plaintiffs are also entitled to recover consequential damages from Defendant's breach of contract.  Plaintiffs are also entitled to recover the amount of their claim plus an 18% per

Certified Document Number: 45029420 - Page 11 of 14

annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees. All the damages described in this petition are within the jurisdictional limits of the Court

## IX.  ADDITIONAL DAMAGES

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiffs' are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiffs' are further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## X.  EXEMPLARY DAMAGES

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiffs seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XI.  ATTORNEYS' FEES

As a result of Defendant's conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed

to pay reasonable attorneys' fees.  Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII. WRITTEN DISCOVERY

Plaintiffs' Request for Disclosure, Request for Production, and Interrogatories to Defendant is attached as Exhibit A.

## XIII. JURY DEMAND

Plaintiffs asserts Plaintiffs' right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiffs tenders the fee of $30.00, as required by Texas Government Code Section 51.604.

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiffs requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Certified Document Number: 45029420 - Page 13 of 14

Respectfully submitted,

**THE LAW OFFICE OF JOE M. WILLIAMS & ASSOCIATES**
9950 Westpark Drive, Suite 340
Houston, Texas 77063
(713) 532-0336 (Telephone)
(713) 532-0337 (Facsimile)


By:   /s/ Joe M. Williams
      JOE M. WILLIAMS
      Texas State Bar No.  24063066

**ATTORNEY FOR PLAINTIFFS**



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this   June 8, 2010

Certified Document Number:   45029420 Total Pages:  14

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**